## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:07CR137 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| ALVARO ARCINIEGA, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Defendant's appeal (Filing No. 32) from the Magistrate Judge's order (Filing No. 31) denying the Defendant's motion for a subpoena duces tecum (Filing No. 26).

Pursuant to 28 U.S.C. § 636(b)(1)(A) and NECrimR 57.2, the court has reviewed the order from which this appeal has been taken. In an appeal from a magistrate judge's order on a pretrial matter within 28 U.S.C. § 636(b)(1)(A), a district court may set aside any part of the magistrate judge's order shown to be clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); NECrimR 57.2(c).

### FACTUAL BACKGROUND

The Defendant is charged in a two-count Indictment with possession with intent to distribute cocaine (Count I) and criminal forfeiture (Count II). The Defendant filed a motion to suppress asking that the following be suppressed: "all evidence and statements, obtained during, and as fruits of, an unlawful detention of the Defendant, a search of his vehicle, residence, and place of business and unlawful interrogation." (Filing No. 12.) In the supporting brief, the Defendant raises additional issues, including: the constitutionality of Neb. Rev. Stat. § 60-6,256 (Reissue 2004) (prohibiting objects that obstruct a driver's view), which provided the basis for the traffic stop. The Defendant argues that § 60-6,256

cannot survive the rational basis inquiry, is enforced arbitrarily and capriciously, violates the Equal Protection and Due Process clauses, and serves as a mere pretext tor conducting warrantless searches.  (Filing No. 13.)  In the prayer for relief both in the motion and brief, the Defendant requests the suppression of evidence and statements.

During the first portion of the evidentiary hearing on the Defendant's motion to suppress, Omaha Police Officer Michael Bossman testified that he previously wrote citations for drivers with air fresheners hanging from their rear view mirrors.  (Filing No. 20, at 32-33.)   This testimony prompted the Defendant's motion to produce information regarding citations issued by Officer Bossman including copies of citations issued, written reports, and whether the citations were the result of Officer Bossman's cooperation with other investigations.  (Filing No. 26.)

The government responded that the requested documents are irrelevant to the suppression issue, except for unresolved matters citations are only available from the last two years, and the search for the documents would have to be by hand and time consuming.  (Filing No. 30.)

Magistrate Judge F.A. Gossett, considering Federal Rule of Criminal Procedure 17.2(b)(2), concluded that the "material sought is probably not relevant or admissible."  The motion was denied.  (Filing No. 31.)  The Defendant filed a timely appeal.

## ANALYSIS

The Defendant argues on appeal that he is entitled to the requested documents pursuant to the Jencks Act, 18 U.S.C. 3500, which provides that after a witness testifies on direct examination at trial,[1] statements of the witness in possession of the United States

---

[1]The Court notes that technically the Jencks Act applies only to trial testimony. 18 U.S.C. § 3500(a).  However, through the enactment of Federal Rule of Criminal Procedure 26.2 the same principle was extended to pretrial hearings.

that relate to the subject matter to which the witness testified must be produced on the defendant's motion.

The officer's previous citations are not in the possession of the United States, as required, and would require an extraordinary effort to produce.   The government's response indicates that in order to locate any existing records, "the search might have to be conducted by hand and would require several days to accomplish." (Filing No. 30.)  The Eighth Circuit Court of Appeals has stated that "'[a] prosecutor has no duty to undertake a fishing expedition in other jurisdictions in an effort to find impeaching evidence'" in order to fulfill a Jencks Act request.  *United States v. Stuart,* 923 F.2d 607, 612 (8th Cir. 1991) (referring to state files) (quoting *United States v. Meros,* 866 F.2d 1304, 1309 (11th Cir. 1989)).  *See also, e.g., United States v. Calderon,* 127 F.3d 1314, 1335 (11th 1997) (stating that for Jencks Act purposes "possession" is defined as being in the possession of a federal prosecutorial agency).

Even assuming that the items in question would fall under § 3500 and Rule 26.2, as Judge Gossett indicated the information is "probably not relevant or admissible." (Filing No. 31.)  The issues before the Court in the motion to suppress relate to the traffic stop, detention, searches and questioning and not to the constitutionality of § 60-6,256.  Moreover, the collection of available citations would be at most an incomplete response to the Defendant's request.  The Defendant requested all of the officer's previous citations and reports relating to § 60-6,256 violations.  However, the government responded that the police department only maintains tickets written by officers for two years after their date of issuance, except for unresolved tickets.  (Filing No. 30.)  Officer Bossman has been with the Omaha Police Department for five years.  Therefore, any conclusions reached by use

3

of the available data would be speculative.  The evidence sought appears to be irrelevant to the issues before the Court, and any information provided would be incomplete.

## CONCLUSION

For the reasons discussed, Judge Gossett's order is not clearly erroneous or contrary to law.

IT IS ORDERED:

1.      The Defendant's appeal from the Magistrate Judge's order (Filing No. 32) is denied; and

2.      The Magistrate Judge's order (Filing No. 31), is affirmed.

DATED this 27th day of August, 2007.

BY THE COURT:


s/Laurie Smith Camp
United States District Judge

4